PEARL WENDSCHUH v. ELIZABETH WENDSCHUH
AND OTHERS.

244 N. W. 2d 660.

July 23, 1976—No. 46648.

*Elizabeth Wendschuh,* pro se, for appellant.
*Gordon Paterson,* for respondent.

PER CURIAM.

Defendants Elizabeth Wendschuh and Walter Wendschuh seek review of an order and judgment of the Lyon County District Court directing that plaintiff Pearl Wendschuh was entitled to judgment in connection with a real estate partition proceeding. We affirm.

The instant action was commenced in 1971 upon the petition of plaintiff Pearl Wendschuh for a partition and accounting of certain real and personal property located in Lyon County. Upon a rather extensive review of numerous documents reflecting the relative interest of the respective parties, judgment was awarded in favor of plaintiff in the amount of $14,512.96, in the form of a lien against the real property. Partition was stayed for a period of 60 days to allow defendants to satisfy the judgment.

Subsequent to a number of post-trial motions interposed by defendants, a new trial was ordered on November 30, 1972, by the district court conditioned upon defendants' payment to plaintiff of specified attorneys fees and costs and upon the filing by defendants of a bond in the amount of $15,500 with the clerk of the Lyon County District Court. Defendants complied with the terms of the order granting a new trial.

An extensive trial was held in the Lyon County District Court at which time the court thoroughly reviewed all evidence of the relative interests and contributions to the property of each of the parties. By order for judgment dated October 31, 1973, the court concluded that plaintiff was entitled to judgment and that the real property was to be sold at public auction to satisfy the judgment. Alternatively, defendants were ordered to satisfy the judgment by payment to plaintiff of $17,613.23 together with costs and disbursements. Judgment was entered in accordance with the order and effect stayed for a period of 30 days to allow defendants' alternative compliance.

An appeal was taken from an order of the district court dated January 11, 1974, and subsequently dismissed upon the application of defendants-appellants. Again, pursuant to numerous motions to the district court by defendants, an agreement was entered into on September 17, 1975, by which defendants satisfied the judgment in exchange for the execution by plaintiff of a quitclaim deed.

On October 10, 1975, defendants moved the district court for relief from the prior judgment upon the bases of fraud, newly discovered evi-

dence, excusable neglect, inadvertence, and mistake. Rule 60.02, Rules of Civil Procedure. Although certain relief was granted, the salient provisions of defendants' motion were denied.

By order of this court dated March 17, 1976, discretionary review of the instant matter was granted. Upon appeal, defendants contend that the judgment was obtained as a result of plaintiff's fraud which was not discovered until after the trial.

We have extensively reviewed the voluminous record presented upon appeal and are satisfied that the district court conscientiously and thoroughly analyzed the respective rights and contributions of the parties herein to the real and personal property. In addition, there is no evidence of record to support defendants' assertions that a fraud was perpetrated upon the court. The above-entitled matter is therefore affirmed in all respects.

Affirmed.